KUHN, J.,
agreeing in part, and dissenting in part.
hi agree with the portion of the report affirming the dismissal of the plaintiffs malpractice claim against Dr. Waguespack that is based on his alleged negligence in failing to diagnose plaintiffs condition, in performing surgery on someone in plaintiffs physical condition, and in the removal of the blood clots and spinal cord stimulator. However, I disagree with the portion of the report reversing the dismissal of the plaintiffs informed consent claim and remanding this matter for further proceedings on that issue. The defendant’s motion for summary judgment is broad enough to encompass both plaintiffs claim for the alleged acts of negligence by Dr. Waguespack that fell below the applicable standard of care (lack of skill claim) and his claim for lack of informed consent. The motion broadly asserts that summary judgment is warranted “dismissing plaintiffs claims” because no genuine issue of material exists as to plaintiffs claim that Dr. Waguespack “caused or contributed to the alleged injury of plaintiff.” This broad assertion is not limited to any particular theory of recovery, i.e., lack of skill or lack of informed consent. The situation in the present case is similar to that in Smith v. Lincoln General Hospital, 27,133 (La.App.2d Cir.6/21/95), 658 So.2d 256, 262, writ denied, 95-1808 (La.10/27/95), 662 So.2d 3, wherein the court held that a jury interrogatory broadly asking whether the defendant physician’s conduct was “below the standard of care applicable to his activities” was sufficient to encompass the plaintiffs claim for lack of informed skill, as well as his claim for lack of skill.
For these reasons, I respectfully dissent.